# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN DENUNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-CV-00064 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Justin Denune brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) In March 2012, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 28, 29.)

Denune's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $24,830 for his representation of Denune in federal court. (Docket # 30.) The Commissioner has not objected to Shull's motion, and the time to do so has since expired.

For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED.

### A. *Relevant Factual and Procedural Background*

On January 14, 2011, Shull and Denune entered into a contingent fee agreement for Shull's representation of Denune in federal court.[1] (Mem. in Supp. of Pl.'s Attorney's Mot. for

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp.") Ex. B.) Under the agreement, Denune agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Mem. in Supp. Ex. B.)

On February 18, 2011, Denune filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (Docket # 1.) In March 2012, Denune received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (Docket # 28, 29.) Shull was awarded $6,000 in attorney fees pursuant to 42 U.S.C. § 406(a) for his representation of Denune at the administrative level. (Mem. in Supp. 2, Ex. A.) Shull did not file for, nor was he awarded, attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for the 37.95 hours he spent advocating Denune's claim in federal court. (Mem. in Supp. 2.)

Ultimately, the Commissioner awarded disability benefits to Denune, and as a result, he received $123,320 in back benefits. (Mem. in Supp. 2, Ex. A.) On July 22, 2014, Shull filed the instant motion, seeking the Court's authorization of a payment of $24,830 in attorney fees from Denune to Shull pursuant to the contingent fee agreement. (Docket # 30, 31.)

### B. *Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[2] the fees awarded

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 404.1725(b). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed 25% of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

---

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

### *C. Discussion*

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $24,830 pursuant to his contingent fee agreement for representation of Denune in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Denune's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $24,830, an amount less than 25% of the $123,320 in past benefits awarded to Denune. *See Crawford v. Astrue*, 586 F.3d 1142, 1151-52 (9th Cir. 2009) (considering when awarding fees under § 406(b) that counsel had voluntarily reduced the requested fees substantially from the allowable 25%). This amount, $24,830, when added to the $6,000 awarded to Shull under § 406(a), does not exceed 25% of the past-due benefits awarded to Denune. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3.

Shull argues that an award of $24,830 is reasonable for the 37.95 hours he spent representing Denune in federal court. He emphasizes that (1) he achieved a good result for

4

Denune; (2) he provided Denune with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law; (3) the requested fee reflects the contingent nature of the recovery; and (4) it is in alignment with the fees of other attorneys in the local market. (Mem. in Supp. Exs. D, E.)

Shull did indeed obtain a good result for Denune and undoubtedly provided him with quality representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Mem. in Supp. Ex. D (describing in detail Shull's professional experience in the area of social security law).)

Yet this case was not particularly complex. Shull challenged the administrative law judge's ("ALJ") credibility determination concerning Denune's symptom testimony and the ALJ's consideration of the opinions of his two treating physicians and mental health therapist (Docket # 19); accordingly, Shull's arguments did not involve a novel or complicated issue. *See Schaffner v. Comm'r of Soc. Sec.*, No. 1:07-cv-00567, 2010 WL 3894580, at *2 (S.D. Ohio Sept. 7, 2010) (considering when discounting a lawyer's § 406(b) fee request that the legal work performed, while not entirely "boilerplate," was relatively straightforward and routine, requiring no extensive legal analysis); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, (C.D. Cal. 2006) (discounting requested § 406(b) fee where "the issues briefed in the summary judgment motion were neither novel nor complex").

The Court further notes that Shull requested and received just one 32-day extension during the briefing process. (Docket # 15-17.) Thus, there is no indication that he was

5

responsible for any excessive delay that would contribute to his profit from the accumulation of Denune's back benefits. *See Gisbrecht*, 535 U.S. at 808.

Shull also emphasizes that he incurred a substantial risk of loss in taking Denune's case.[4] Denune's claim was denied four times at the initial and reconsideration levels, twice at the hearing levels, and once before the Appeals Council. (Mem. in Supp. 9.) In addition, Shull points to statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[5] *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials* at 89, 91 (May 2006), http://www.ssab.gov/documents/chartbook.pdf; *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Based on these statistics, Shull explains that he needs to recover at least 2.7 times greater fees in contingent fee cases than in non-contingent fee cases to compensate for the substantial risk of loss involved in social security appeals. *See Crawford*, 586 F.3d at 1145 (considering social security advisory board statistics in a § 406(b) fee analysis).

To that end, Shull produced the Affidavit of Steven Jackson, a local attorney who is

---

[4] Despite this risk of loss and Shull's success in the case, the Court notes that there is no evidence indicating that Denune concurs with Shull's requested fee of $24,830–a factor considered by some courts in a § 406(b) request. *See, e.g.*, *Jeter v. Astrue*, 622 F.3d 37, 382 (5th Cir. 2010) (considering as a factor when awarding § 406(b) fees whether the claimant had submitted a declaration concurring with the fee request and asking the court to approve it).

[5] The statistics indicate that federal courts remand the Commissioner's final decision 45% of the time and grant benefits outright 5%. Of those cases remanded, 67% are ultimately awarded disability benefits.

6

experienced in representing social security claimants, in which Jackson states that "a fee of $300./hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court."[6] (Jackson Aff. ¶ 8.) Shull then explains that the requested fee of $24,830 divided by the 37.95 hours he spent on the case in federal court equates to an effective rate of $654.28 per hour, an amount slightly more than twice the non-contingent hourly rate of $300.[7] This requested fee equates to an effective rate within the range of those previously awarded by this Court. *See, e.g.*, *Owsley v. Astrue*, No. 1:07-cv-73, 2010 WL 5173148, at \*4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

Ultimately, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work–even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 381. Here, Shull has made a convincing case that the good result he achieved for Denune was due to his

---

[6] Of course, an affidavit from Shull stating his *actual* non-contingent hourly rate would be more persuasive than an affidavit describing an estimate of the prevailing market rate. *See, e.g.*, *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363546, at \*2 (S.D. Ind. Feb. 11, 2009) (considering in a § 406(b) analysis attorney's representation that he performs little work on an hourly basis but that when he does he charges $190 per hour).

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at \*5 (E.D. Tex. July 22, 2004); *see Jeter*, 622 F.3d at 381 ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that an $654.28 requested effective rate per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

vast knowledge and experience in social security disability law and his effective and efficient representation, rather than due to "some other source for which it would be unreasonable to compensate the attorney." *Id*. ("[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel.").

In sum, the $24,830 fee that Shull seeks under § 406(b) is not an "unearned windfall." *Id*. Therefore, it will be authorized by this Court.[8]

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 30), seeking an attorney fee award of $24,830, is GRANTED.

SO ORDERED.

Enter for this 11th day of August, 2014.

s/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge

---

[8] Because Shull never applied for and received an EAJA award, there is no need to offset an EAJA award from the § 406(b) award of $24,830. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant, but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work" (emphasis in original and citations omitted)); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).